*Pun-Magar v. Garland*

BIA
Schoppert, IJ
A205 848 412

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand twenty-four.

PRESENT:
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

BIREN PUN-MAGAR,
> *Petitioner*,

v.                                                              22-6341

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Dilli Raj Bhatta, Bhatta Law & Associates, New York, NY.

FOR RESPONDENT:          Brian M. Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Biren Pun-Magar, a native and citizen of Nepal, seeks review of a June 22, 2022, decision of the BIA affirming a June 4, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Biren Pun-Magar,* No. A205 848 412 (B.I.A. June 22, 2022), *aff'g* No. A205 848 412 (Immigr. Ct. N.Y.C. June 4, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the decisions of both the BIA and the IJ. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on" a variety of factors, including, as relevant here, "the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods

2

in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao,* 891 F.3d at 76.

Pun-Magar alleged that he was persecuted by members of the Maoist political party in Nepal on account of his political opinion. The agency found that his claims were not credible; substantial evidence supports the agency's adverse credibility determination. Specifically, the agency reasonably relied on three inconsistencies between Pun-Magar's written and oral statements.

First, Pun-Magar asserted in his written statement that in April 2011, *following* his graduation from high school, he was approached by members of the Young Communist League, forced to perform manual labor, and threatened with being taken to a camp. However, he testified before the IJ that this incident occurred in September 2009, while he was on a one-month break from school, and that the incident prompted him to change schools. On cross-examination, Pun-Magar first affirmed the 2009 date, but when confronted with the discrepancy, changed his testimony to correspond to his written statement. The IJ was not required to credit Pun-Magar's explanation that he confused the dates because he had not slept well before the hearing, particularly because the inconsistencies extended beyond the date itself. *See Majidi v. Gonzales*, 430 F.3d 77, 80

3

(2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (citations and quotation marks omitted)).

Second, Pun-Magar testified inconsistently with his written statement regarding a fight at his college between a student group that supported the Maoists and his own group that supported the Nepali Congress Party. He alleged in both his written and oral statements that there was a fight between the groups, and that it was this incident that led him to come to the United States. However, his descriptions were inconsistent both as to why the fight occurred and as to whether he was struck. In particular, Pun-Magar asserted in his written statement that when the fight broke out, his friends had "pulled [him] away before [anyone] could hit [him]." Certified Administrative R. at 541. But he testified on direct examination at his hearing that he was punched twice, and on cross-examination that he was struck lightly, only once. The agency reasonably rejected his explanation for these inconsistencies. *See Majidi*, 430 F.3d at 80.

Third, Pun-Magar admitted at his hearing that he had been arrested and fined for public intoxication while in the United States, but that he had not reported that arrest on his amended asylum application, which was prepared *after* the arrest. Pun-Magar offered no coherent explanation for the failure to include the arrest in his amended application. The agency did not err in relying on this omission or false statement because the application form explicitly asks for this information, and Pun-Magar checked a box indicating that he had never been arrested. A false statement indicating a

4

willingness to lie can support an adverse credibility finding.  *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Finally, the IJ reasonably found that Pun-Magar had failed to rehabilitate his credibility with reliable corroborating evidence.   "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."  *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).   The IJ did not err in affording little weight to affidavits from Pun-Magar's family members, because they were interested parties unavailable for cross-examination.   *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that an "IJ acted within her discretion in according [letters] little weight because the declarants (particularly [the applicant]'s wife) were interested parties and neither was available for cross-examination").   And the IJ did not err in declining to give weight to certain other evidence, including a party membership card and letters from party officials.   *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").   The party officials were not available for cross-examination, *see Likai Gao*, 968 F.3d at 149, the membership card does not confirm any past harm, none of the evidence resolves the inconsistencies in Pun-Magar's testimony, and, as the IJ emphasized, the reliability of all of the evidence turned on Pun-

Magar's credibility.

In sum, substantial evidence supports the adverse credibility determination given the inconsistencies in Pun-Magar's statements regarding incidents of alleged persecution and the severity of past harm, his failure to report his arrest, and the lack of reliable corroboration to rehabilitate his credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an [applicant] from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167 (holding that the "cumulative effect" of even minor inconsistencies may "be deemed consequential" (citation and quotation marks omitted)). The adverse credibility determination is dispositive of Pun-Magar's claims for asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court